■ SIDNEY HABER et al., Appellants, v HABER TYPOGRAPHERS, INC., Respondent. — Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered March 28, 1983, denying, in this action for breach of a stock redemption agreement, plaintiffs' motion for leave to serve an amended complaint, pursuant to CPLR 3025 (subd [b]), seeking certain consequential damages, reversed, on the law, and plaintiffs' motion granted, without costs or disbursements. ¶ Plaintiffs own preferred stock in defendant corporation, having received it from the estates of their parents, Dora and Isadore Haber. Pursuant to a stock redemption agreement with defendant, plaintiffs deposited the stock with an escrow agent and defendant became obligated to make annual payments to them until the stock became fully redeemed in 1989. Defendant ceased making the payments in 1977, its attorney explaining in a letter dated February 9, 1978: "We believe that further redemption payments directly to [plaintiffs], rather than to their parents' estates from which they derive their interests, will expose the [defendant] to the very real possibility of having to pay for the preferred stock twice, once to [the plaintiffs] and again to the taxing authorities pursuant to general and special estate tax liens". Plaintiffs commenced this action, the complaint seeking recovery of the unpaid annual

payments and a direction for defendant's future compliance. ¶ The tax disputes in the parents' estates have been resolved by stipulations and orders by which plaintiffs, not defendant, have been deemed liable for the tax deficiencies. Interest and penalties have been assessed and are continuing to accrue in the Dora Haber estate; they are yet to be assessed in her husband's estate. Plaintiffs seek leave to amend their complaint by addition of a new cause of action seeking recovery of all the penalty and interest payments that are and will be due to the Internal Revenue Service arising out of the parents' estates. ¶ Special Term properly recognized that liberality in a grant of leave to amend (see CPLR 3025, subd [b]) must be tempered by a necessity to show special circumstances when the amendment would seek consequential damages in an action based upon the nonpayment of money (see *Meinrath v Singer Co.,* 87 FRD 422). Finding no support for plaintiffs' assertion that when the stock redemption agreement was made the parties "were aware of the potential estate tax liabilities", Special Term found no special circumstances that would warrant grant of leave to amend. On this point we must disagree, finding an interrelationship of the agreement and the pending tax proceedings implicit in the agreement itself and in the record. ¶ The redemption agreement, incorporated into the complaint, while requiring plaintiffs' preferred stock to be free of all other encumbrances, permitted it to be encumbered by estate tax liens. The redemption agreement created a device to protect defendant against paying any estate tax liens asserted against the stock proffered by plaintiffs. The February 8, 1978 letter of defendant's attorney acknowledged that "the redemption agreement was entered into with the express understanding that the estate tax proceeding would be resolved within a matter of months". We find this to be a showing of special circumstances sufficient to evoke the liberality usually accorded to requests for leave to amend. Concur — Sullivan, J. P., Ross, Carro, Lynch and Kassal, JJ.